IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mark R. Newman, M.D., | : | Case No. 1:04-cv-186 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | |
| Tessa Complete Health Care, Inc., | : | ORDER GRANTING MOTION FOR |
| | : | DEFAULT JUDGMENT AND |
| Defendant. | : | ORDERING DEFENDANT TO PAY |
| | : | PLAINTIFF $5,212,467 |

This matter comes before the Court on its Order Denying Plaintiff's Motion for Default Judgment Without Prejudice and Ordering Plaintiff to Show Cause Why This Case Should Not Be Dismissed for Lack of Jurisdiction (doc. #30) and Plaintiff Mark R. Newman's responsive Memorandum (doc. #31). In his Memorandum, Plaintiff renews his earlier-filed Motion for Default Judgment against Defendant Tessa Complete Health Care, Inc. ("Tessa"). (Doc. #31 at 1, 6; see also doc. # 27 (Plaintiff's Motion) and doc. #30 (denying Plaintiff's Motion without prejudice pending Court's consideration of Plaintiff's response to Show Cause Order).)

For the reasons below, the Court hereby **GRANTS** Newman's renewed Motion for Default Judgment (docs. ##s 27, 31) and accordingly **ORDERS** Tessa to pay Newman the sum of $5,212,467 pursuant to Newman's June 2004 arbitration award against Tessa.[1]

**I.   BACKGROUND**[2]

For the past four years, Newman has been engaged in an employment contract dispute

---

[1] See note 7, infra for an explanation of why this figure differs from the $5,223,704 requested in Newman's Motion for Default Judgment (doc. #27), s

[2] For a more comprehensive background, see the Court's prior orders at docs. ##s 16, 30.

1

with Tessa, his former employer.  In June 2004, an arbitrator found that Tessa owed Newman $16,000 in unpaid salary and liquidated damages, $4,300,000 for an unpaid signing bonus, $22,227 in attorney's fees, and $863,150 in prejudgment interest pursuant to that contract.  (See doc. #26-3 (arbitrator's report and award) at 5.)  The arbitrator also ordered Tessa to reimburse Newman $11,040 in arbitration costs Newman had advanced to the arbitrator and the arbitration association.  (Id.)  Newman now seeks a civil judgment enforcing or "confirming" the arbitrator's award against Tessa pursuant to both federal and Ohio law.  (See docs. ##s 1, 26, 27.)  Tessa did not appear at the June 2004 arbitration hearing[3] and has never entered an appearance in this action, which has been on the Court's docket for over two years.

In its prior Orders in this case, this Court has raised concerns as to whether it has either sufficient substantive authority or sufficient personal jurisdiction over Tessa to issue Newman's requested judgment.  (See generally docs. ##s 16, 30.)  Newman attempted to address the former concern by amending his complaint, in February 2006, to invoke the Court's authority under the the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq.  (See doc. #19 at 2 and doc. #26 at 5-6.)  He has endeavored to address the latter concern through repeated efforts, further described below, to serve Tessa with notice of this action.  (See generally docs. ##s 26, 27, 30, 31.)

In April 2006, two months after filing his second amended complaint, Newman moved for both an entry of default and default judgment against Tessa.  (See docs. ##s 26, 27, 28.)  The Clerk of Court promptly entered default against Tessa, but this Court declined to issue default *judgment* at that time in light of its lingering concerns as to whether Tessa had been properly served and made subject to this Court's jurisdiction.  (Docs. ##s 29, 30.)  Instead, the Court

---

[3] See, e.g., doc. #26-3 at 1 (arbitrator's report).

dismissed Newman's Motion for Default Judgment (doc. #27) without prejudice and ordered Newman to show cause why this action should not be dismissed for lack of jurisdiction. (Doc. #30.) In June 2006, Newman filed his pending Memorandum, in which he describes his ongoing efforts to perfect service on Tessa and renews his Motion for Default Judgment. (Doc. #31.)

## II. ANALYSIS

Rule 55(b) of the Federal Rules of Civil Procedure provides, in relevant part:

Judgment by default may be entered as follows:

(1) **By the Clerk**. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for the amount and costs against that defendant, if the defendant has been defaulted for failure to appear . . .

(2) **By the Court**. In all other cases the party entitled to a judgment shall apply to the Court therefor. . . .

Fed. R. Civ. P. 55(b).

Grants of default judgment are generally committed to the trial court's discretion, but that discretion is not "unfettered." Shephard Claims Serv., Inc., v. William Darrah & Assocs., 796 F.2d 190, 193 (6th Cir. 1986). As the Court has previously noted, such judgments are presumptively void wherever a court lacks jurisdiction over the relevant parties or subject matter or where default would raise other due process concerns. See, e.g., Antoine v. Atlas Turner, 66 F.3d 105, 110 (6th Cir. 1995). Moreover, default judgments are generally reserved for those relatively "extreme cases" where a party's failure to appear more likely stems from "willful misconduct, carelessness, or negligence" than from some "honest mistake" as to the pendency of a proceeding. United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845-46 (6th Cir. 1983). In light of the history of this action and the new facts submitted by Newman in support of

3

his Memorandum (doc. #31), the Court is now satisfied that this is one of those exceptional cases, and accordingly **GRANTS** default judgment against Tessa.

### A. Substantive Authority to Issue Judgment Enforcing Arbitration Award

The Court cannot enter default judgment against Tessa unless it has the substantive authority to grant Newman's requested relief. Newman's early pleadings invoked only O.R.C. Section 2711.09, which provides for the application of "any party to the *court of common pleas* for an order confirming" an arbitration award. (See doc. #16 at 5 (emphasis added).) This Court found that the Ohio statute did not authorize a federal district court sitting in diversity to confirm an arbitration award, but also noted that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., or other federal law might confer such authority. (Id.) Newman has since amended his complaint to request relief under Section 9 of the FAA. (See doc. #26 at 5-6.) That section provides, in relevant part, that

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award . . . . *If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made*.

9 U.S.C. § 9 (emphasis added).[4]

---

[4] The Section goes on to state that "[i]f the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." 9 U.S.C. § 9. As noted below and in the Court's prior orders in this case, Newman has already attempted to serve Tessa with notice of process by several methods, including service of a copy of the summons and complaint by United States Marshal on an entity, National Registered Agents of Duluth, Georgia, it believes to be Tessa's registered agent. (See Part B.1, infra and doc. #30 at 5; see also doc. #31 (Newman's Memorandum) at 5.)

Newman's employment agreement with Tessa contains an arbitration clause providing that any dispute arising from the agreement "shall be finally resolved by binding arbitration, conducted in Cincinnati, Ohio . . . ." (See doc. #26-2 (copy of employment agreement) at 6 ¶ 3.) The arbitration clause does not contain any provisions regarding appeals of binding arbitration awards, let alone restrict such appeals to any particular court. (See id.) The Court is therefore satisfied that it has the substantive jurisdictional authority, pursuant to the FAA, to grant the type of judgment Newman requests in this case. It must still assure itself, however, that it has sufficient personal jurisdiction over Tessa to order such relief.

      B.      **Exercise of Personal Jurisdiction over Tessa**

           1.      **Service of Process**

As the Court noted in its May 2006 Order to Show Cause, it cannot issue default judgment against a party who has not been properly served with process and made subject to the Court's jurisdiction. See LSJ Inv. Co. v. O.L.D., Inc., 167 F.3d 320, 322-24 (6th Cir. 1999); Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995). To be proper, Newman's service must comply with the formal requirements of Federal Civil Rule 4 and also satisfy constitutional due process requirements by providing "notice reasonably calculated, under all the circumstances, to apprise" Tessa of this proceeding. LSJ, 167 F.3d at 323 (citing in part Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

In its May 2006 order, the Court stated that it was unable to conclude, from the present record, whether Newman had satisfied either the statutory or constitutional requirements for service of process. (See doc. #30 at 6-7.) The Court acknowledged that Newman had recently

attempted to serve Tessa by delivering a copy of the complaint and summons to an entity it believed to be Tessa's registered agent[5], but noted that it was unclear from the record whether that entity – National Registered Agents of Duluth, Georgia – was in fact serving in that capacity for Tessa. In light of past confusion involving another entity Newman had initially but mistakenly identified as Tessa's agent – CT Corporation – the Court was unwilling to simply "rest on Newman's assurances as to the relationship (if any) between National Registered and Tessa."[6] (Doc. #30 at 6.) The Court noted, however, that even if Newman was ultimately unsuccessful in serving Tessa by mail, he could satisfy Federal Rule 4 by the alternative means of a sworn "affidavit setting forth facts indicating the reasonable diligence utilized to ascertain" Tessa's whereabouts. (Id. (emphasis added) (citing Ohio Civ. R. 4.3(B)(1))

In his new Memorandum, Newman contends that his repeated attempts to serve Tessa through National Registered and other channels constitute "reasonable diligence" for purposes of Rule 4. (See doc. #31 at 4, 6.) Newman attaches to his Memorandum the sworn affidavit of his counsel, Tod J. Thompson, and a series of exhibits detailing his counsel's efforts to locate and serve Tessa. (See generally doc. #31 and attachments.) Upon consideration of these new submissions and reconsideration of the entire record of this proceeding, the Court is satisfied that Newman has complied with the "reasonable diligence" provision of Federal Rule 4. The Court is also satisfied that Newman's efforts have been "reasonably calculated," as a due process

---

[5] Service on a corporation's registered agent is an acceptable method of service under Federal Rule 4 and the Ohio service rules incorporated by reference into the federal rule. (See doc. #30 at 5-6 (citing in part Fed. R. Civ. P. 4(h)(1) and Ohio Civ. R. 4.2(F)).)

[6] The history of Newman's earlier efforts to serve Tessa has been exhaustively documented in the Court's prior orders and need not be revisited here. (See, e.g., doc. #30 at 4-8; see also doc. #16 at 2-3.)

matter, to inform Tessa of this action. While the Court still cannot conclude as a matter of fact that Tessa has received notice of this action, the record as supplemented by Newman's Memorandum strongly suggests that Tessa's counsel and management have been at least constructively aware of the proceeding for several years and have wilfully, recklessly or negligently avoided receiving or acknowledging Newman's service. As such, Newman has satisfied his threshold burden of demonstrating compliance with both statutory and constitutional process requirements. See, e.g., United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d at 845-46.

### 2. Minimum Contacts with Forum State (Ohio)

To issue a valid default judgment against Tessa, the Court must also find 1) that Tessa is amenable to service of process under Ohio's long-arm statute and 2) that the exercise of personal jurisdiction over Tessa would not deny Tessa due process. See Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002) (federal question); Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir. 1991) (diversity). For the reasons set forth in its prior Order in this case, the Court finds that both conditions are satisfied as to Tessa. (See doc. #30 at 3-4 n.3.) The record before the Court suggests that Tessa no longer does business in Ohio. (See doc. #31 at 2-3 and attached Affidavit of Tod J. Thompson at 2 ¶ 6 (noting that Ohio Secretary of State Blackwell "refused to accept service for Tessa because Tessa does not currently conduct business" in the state).) Nonetheless, Tessa's recent history of business activity in Ohio, and in particular its Ohio-based contractual employment of Newman, created sufficient contacts with this forum to make Tessa amenable to the present suit. (See doc. #30 at 3-4 n.3 (citing in part O.R.C. § 2307.312(A)).)

### C. Equitable Considerations

In its prior Order declining to issue default judgment against Tessa, the Court expressed concern about entering an award worth over five million dollars in what has been an "essentially unilateral" proceeding by Newman. (Doc. #30 at 9.) The Federal Rules empower this Court to conduct an evidentiary hearing if "necessary . . . to determine the amount of damages" properly sought on default. Fed. R. Civ. P. 55(b)(2). The Sixth Circuit has indicated that where the "only evidence" submitted in favor of a million-dollar plus default judgment is a "plaintiff's affidavit," it may be improper to issue such a judgment without conducting an evidentiary hearing on the computation of damages. See, e.g., Berthelsen v. Kane, 907 F.2d 617, 620-22 (6th Cir. 1990).

Newman's requested sum is supported not only by his personal estimation of what he is owed under his employment agreement with Tessa, but also by the calculations of an independent arbitrator charged with interpreting that agreement. See doc. #26-3 (arbitrator's report and award) at 5. The Court has reviewed the arbitrator's rather lengthy report and finds no reason to doubt the arbitrator's analysis or conclusions. In any event, there is no apparent reason to expect that Tessa will be any more responsive to future pleadings or orders in this action than it has been to past pleadings or orders. Therefore, while the Court is not insensitive to the large size of the proposed judgment, it finds that considerations of judicial economy and fairness to Newman outweigh the practical or equitable benefits of further hearing on the appropriateness of Newman's requested award.

### III. CONCLUSION

For the reasons above, Plaintiff Mark R. Newman's renewed Motion for Default Judgment (docs. ##s 27, 31) is **GRANTED**, and Defendant Tessa Complete Healthcare, Inc is

**ORDERED** to pay Newman the sum of **$5,212,467**[7] pursuant to the terms of Newman's June 2004 arbitration award against Tessa.  This order disposes of all pending motions and claims in the case, which is hereby **CLOSED**.

    IT IS SO ORDERED.

                                                                                     s/Susan J. Dlott
                                                                                    Susan J. Dlott
                                                                                    United States District Judge

---

[7] In his Motion for Default Judgment, Newman requests the slightly higher sum of $5,223,704, but does not explain how this sum was derived.  (See doc. #27at 4.)  As noted at Part I, supra, the arbitrator's report and award attached to Newman's second amended complaint state that Tessa owes Newman $16,000 in unpaid salary and liquidated damages, $4,300,000 for an unpaid signing bonus, $22,227 in attorney's fees, and $863,150 in prejudgment interest pursuant to that contract.  (See doc. #26-3 (arbitrator's report and award) at 5.)  In addition, Tessa was ordered to reimburse Newman $11,040 in arbitration costs Newman had advanced to the arbitrator and arbitration association.  (Id.)  These amounts total $5,212,467, not the $5,223,704 requested by Newman in his Motion.  Accordingly, the Court enters judgment only in the former amount.

9